IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Duane L. FURAN,
Attorney at Law.

Supreme Court

*No. 85–0405–D. Filed March 5, 1986.*
(Also reported in 382 N.W.2d 438.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Duane L. Furan to practice law in Wisconsin be suspended for a period of three months as discipline for unprofessional conduct. That conduct consisted of Attorney Furan's failure to preserve his trust account records, his use of his trust account as a business checking account, and his failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation in this matter. The referee also recommended that Attorney Furan be required to pay the costs of this proceeding. We determine that a three-

month suspension of Attorney Furan's license to practice law is appropriate discipline.

Attorney Furan was admitted to practice law in Wisconsin in 1964 and practiced in LaCrosse until he moved to Florida in 1983. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Rudolph P. Regez.

The referee made findings of fact and conclusions of law based on a stipulation of the parties. The referee found that Attorney Furan failed to respond to three requests from the Board to produce his trust account records for the year 1983, in violation of SCR 22.07(3). Attorney Furan responded to a fourth request from the Board by sending check stubs from his trust account and by stating that he was unable to locate his trust account statements, cancelled checks or ledger. The referee concluded that this failure to preserve trust account records was in violation of SCR 11.05(2).

In 1983, Attorney Furan used his trust account as a business account and wrote numerous checks in relatively small amounts on that account, all of which were unrelated to his trust funds and were in payment of either personal or business obligations. Such conduct, the referee concluded, was in violation of SCR 11.05(1). There was no evidence, however, that any client suffered a loss as a result of Attorney Furan's conduct, nor was there any evidence that any client funds had been converted by Attorney Furan to his own use.

The parties had stipulated that a three-month suspension of Attorney Furan's license to practice law would be appropriate discipline, and the referee accepted that stipulation as to discipline. He considered as mitigating factors that no client of Attorney Furan suffered a loss, that there was no actual conversion,

and that Attorney Furan eventually made every effort, through his attorney in Wisconsin, to cooperate with Board counsel in this matter.

We accept the referee's findings of fact and conclusions of law, and we agree that a three-month suspension of Attorney Furan's license to practice law in Wisconsin is appropriate discipline under the circumstances.

IT IS ORDERED that the license of Duane L. Furan to practice law in Wisconsin is suspended for a period of three months, effective the date of this order.

IT IS FURTHER ORDERED that within 120 days of the date of this order Duane L. Furan pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Furan of his inability to pay the costs within the time specified, the license of Attorney Duane L. Furan to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Attorney Duane L. Furan comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

BABLITCH, William A., J., took no part.